AO 102 (01/09)  Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe<br>the object or property to be used for tracking)*<br>A white 2017 Chevrolet Malibu, bearing Ohio<br>registration HUH9681 and vehicle identification<br>number 1G1ZC5ST6HF101449 | )<br>)<br>)<br>)<br>)<br>)  Case No. 2:20-mj-75 |

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of ___21___ U.S.C. § ___846___ . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location.  The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A white 2017 Chevrolet Malibu, bearing Ohio registration HUH9681 and vehicle identification number 1G1ZC5ST6HF101449

☑ Delayed notice of ___30___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Peter Kane, Special Agent, DEA
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: ___02/04/2020___

_____
*Judge's signature*

City and state: ___Columbus, OH___

Kimberly Jolson, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF THE INSTALLATION AND MONITORING OF A MOBILE TRACKING DEVICE ON MOTOR VEHICLE

I, Peter T. Kane, Special Agent with the Drug Enforcement Administration (hereinafter, "Affiant") being duly sworn, depose and state:

## I. AGENT BACKGROUND

1. Your affiant is an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C. § 2516. Your affiant has been employed by the DEA since May of 2017. Your affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878. During this time, your affiant has accumulated the following training and experience:

a. I am a Special Agent of the Drug Enforcement Administration ("DEA"), assigned to the Detroit Field Division, Columbus District Office. I graduated from the DEA Academy located in Quantico, Virginia. I have received approximately 20 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques, money laundering investigations and various forensic subjects including latent fingerprint collection and analysis.

b. During the course of my law enforcement career, I have had experience in debriefing defendants; interviewing participating witnesses, cooperating individuals and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution and concealment of records and proceeds of trafficking in controlled substances.

c. As a DEA agent, I have participated in the execution of numerous search warrants at residences and businesses of narcotics traffickers, safe houses, crack houses, and have participated in numerous search warrants and investigations for drug related offenses.

d. As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, fentanyl and its analogues, methamphetamine and other controlled substances as defined in 21 U.S.C. § 801. I know that these are controlled substances under 21 U.S.C. § 801.

1

e.  Through my training, knowledge, and prior experience in drug trafficking investigations and arrests, I am familiar with the actions, traits, habits, and terminology utilized by drug traffickers. I am familiar with the ways in which narcotic traffickers conduct their business, including methods of importing and distributing narcotics, money laundering, the use of cellular telephones and the internet to facilitate their illegal acts, and the use of numerical codes and code words to conduct drug transactions. Based on this familiarization, I know drug traffickers commonly use vehicles to move quantities of drugs and currency to other locations for storage and further distribution and use, and that drug traffickers often rent vehicles instead of using their own to prevent their own vehicles from being seized by law enforcement officials. They often swap vehicles with other conspirators, use vehicles with dealer/interchangeable registration plates, use rental vehicles, use multiple vehicles, and use vehicles registered in names other than their own to frustrate law enforcement efforts.

2.  This Affidavit does not contain all of the information known to me regarding this investigation. I have included in this Affidavit only the facts which I believe are sufficient to support a probable cause finding for the issuance of the requested authorization to install and use an electronic tracking device. I have not, however, omitted any information that would defeat a determination of probable cause. This affidavit is not intended to include each and every fact and matter observed by me or known to the government.

## II.  PROBABLE CAUSE

3.  I make this Affidavit in support of an application, pursuant to Federal Rule of Criminal Procedure 41, for a Search Warrant, authorizing the placement, installation, and use of a Global Positioning System ("GPS") mobile tracking device on:

a.  A white 2017 Chevrolet Malibu, bearing Ohio registration HUH9681 and vehicle identification number 1G1ZC5ST6HF101449 (hereinafter, **"TARGET VEHICLE"**), utilized by Bruce MCKNIGHT ("MCKNIGHT").

4.  I submit that there is probable cause to believe that the **TARGET VEHICLE** has been and will be used by MCKNIGHT to facilitate the distribution and possession with the intent to distribute controlled substances as well as conspiring to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846, within the Southern

District of Ohio and elsewhere. I further state that there is probable cause to believe that the installation and use of the tracking device in or on the **TARGET VEHICLE** will lead to evidence, fruits, and instrumentalities of the aforementioned crimes, as well as to the identification of individuals who are engaged in the commission of those and related crimes.

5. In March of 2019, members of the DEA Pittsburgh, Pennsylvania District Office and local law enforcement in Pittsburgh began investigating a drug trafficking organization for distributing large quantities of cocaine throughout the Western District of Pennsylvania and Southern District of Ohio. Investigators identified MCKNIGHT as cocaine source of supply for the Organization. MCKNIGHT currently resides in Columbus, Ohio. On January 16, 2020, the Honorable Nora Barry Fischer, Senior United States District Judge for the Western District of Pennsylvania, executed Orders authorizing, inter alia, the initial interception of wire communications over telephone number 614-352-4164, utilized by MCKNIGHT. See Western District of Pennsylvania District Court Miscellaneous Number 19-1283(a). Interceptions commenced on January 17, 2020 and have continued until the present.

6. On January 22, 2020, MCKNIGHT received an incoming voice call over telephone number 614-352-4164 from telephone number 614-329-5846, utilized by an unknown male ("UM5486"). Below is a transcription of the conversation between MCKNIGHT ("BM") and UM5486 ("UM5486"):

| | |
|---|---|
| BM: | "Hello." |
| UM5846: | "What's up? Good morning." |
| BM: | "Ah. Top of the morning. What's going on with you?" |
| UM5846: | "You didn't already take off did you?" |
| BM: | "Huh?" |
| UM5846: | "I said you didn't already take off did you?" |

3

BM:    "No, no."

UM5846:  "Oh okay.  Well I remember you told me to call early cause I thought you was going..."

[Voices Overlap]

BM:    "Yeah."

UM5846:  "Alright but uh anyway, uh, I got probably, I, I got uh dude's bread for the whole zipper and I think I got like six or seven on me for the other one and I mean I can run around, pick up a couple dollars. I just know you said you had to leave.  You know what I mean?"

BM:    "Yeah."

UM5846:  "But I got the, I uh..."

BM:    [Unintelligible]

UM5846:  "Yeah, yeah. I got, I got the, I got the cheddar from [Unintelligible] homeboy's, and then I got, you know what I mean? That other for that. So. Uh, I just gotta run over to the bank real quick and then uh we can get together up over at mom's if you want."

BM:    "Yeah.  I, I, I'm uh, soon as, when my wife get back."

UM5846:  "Nah, nah, it's cool, don't rush, I'm just saying, yeah, you know what I mean? I should be ready.  Like I said, everything should be sweet. And uh, like I said I need one for homeboy and I'm trying to get it all the way paid up so then you can bring me another one too. You know what I mean?"

BM:    "Yep."

UM5846:  "Cause that shit, that shit was uh..."

BM:    "Yep."

UM5846:  [Unintelligible] "Alright. I'll, I'll just, I'll just, as soon as your wife, so yeah..."

[Voices Overlap]

BM:    "Alright."

UM5846:  "As soon as your wife gets together just let me know."

BM:         "Alright. Yep."

UM5846:     "Alright."

7.      DEA Agents with the Pittsburgh District Office advised your Affiant that they believed, based upon their training, knowledge, experience, direct involvement in the investigation of MCKNIGHT, and the context of this conversation, MCKNIGHT and UM5846 discussed UM5846 paying MCKNIGHT for the cocaine that MCKNIGHT had supplied to UM5486. Therefore, DEA Agents with the Columbus District Office initiated physical surveillance at MCKNIGHT's residence, located at 3147 Whitehead Road, Columbus, Ohio 42304. Investigators observed MCKNIGHT enter the **TARGET VEHICLE** and drive away. Investigators followed the **TARGET VEHICLE** to the area of Eakin Road and South Richardson Avenue. They observed an unknown male enter the **TARGET VEHICLE** and meet with MCKNIGHT. The unknown male remained in the **TARGET VEHICLE** for a brief period of time before exiting the **TARGET VEHICLE,** meeting with another unknown male, and departing the area. Based upon my training, knowledge, and experience; the intercepted communications over MCKNIGHT's telephone; and the information provided to me by DEA Agents from the Pittsburgh District Office, I believe that the unknown male met with MCKNIGHT in the **TARGET VEHICLE** for the purpose of paying MCKNIGHT for the cocaine that MCKNIGHT previously supplied to the unknown male.

8.      Later on January 22, 2020, DEA Agents with the Pittsburgh District Office initiated physical surveillance in New Castle, Pennsylvania, one location where investigators believe that MCKNIGHT distributes cocaine. At approximately 3:19 p.m., DEA Pittsburgh investigators observed MCKNIGHT driving the **TARGET VEHICLE** in the vicinity of Nathaniel MCKNIGHT, Sr.'s ("Nathaniel MCKNIGHT") residence, located at 11047 Booker Street, New Castle Pennsylvania 16101. DEA Pittsburgh investigators advised me that Nathaniel MCKNIGHT

5

is MCKNIGHT's brother. At approximately 4:35 p.m., DEA Pittsburgh investigators observed Tony MCKNIGHT ("Tony MCKNIGHT") enter the residence located at 1015 Huey Street, New Castle, Pennsylvania 16101. DEA Pittsburgh investigators advised me that Tony MCKNIGHT is also MCKNIGHT's brother, and they believe that MCKNIGHT supplies Tony MCKNIGHT with cocaine. At approximately 8:01 p.m., DEA Pittsburgh investigators observed MCKNIGHT drive the **TARGET VEHICLE** and park in front of 1015 Huey Street, New Castle, Pennsylvania 16101. They observed a male enter the residence and depart a short time later. However, due to the vantage point of the physical surveillance and the time of night, they were unable to confirm that MCKNIGHT was the individual who entered and exited the residence. Nevertheless, approximately seven minutes later, they observed MCKNIGHT drive the **TARGET VEHICLE** from the residence and away from the area. DEA Pittsburgh investigators advised me that, based upon their training, knowledge, and experience; the intercepted communications over MCKNIGHT's telephone; and their belief that MCKNIGHT supplies Tony MCKNIGHT with cocaine, MCKNIGHT drove the TARGET VEHICLE to 1015 Huey Street, New Castle, Pennsylvania 16101 to meet with Tony MCKNIGHT for the purpose of Tony MCKNIGHT paying MCKNIGHT for the cocaine that MCKNIGHT previously supplied to Tony MCKNIGHT.

**III.    REQUEST ACCESS TO TRACK VEHICLE**

9.    To track the movement of the **TARGET VEHICLE** effectively and to decrease the chance of detection, I seek to pace a mobile tracking device in or on the **TARGET VEHICLE** while in the Southern District of Ohio. It may be necessary to enter onto private property and/or move the **TARGET VEHICLE** in order to effect the installation, adjustment, repair, replacement, and/or removal of the tracking devices. Your Affiant therefore requests authorization to enter onto private property to effect the installation, adjustment, repair, replacement, and removal of the

tracking devices. Your affiant further requests authority to enter the **TARGET VEHICLE** for the purpose of installing, maintaining, and removing the GPS tracking device.

10. Additionally, your affiant requests permission to affix, adjust, repair, replace, and remove this mobile tracking device at any time of day or night. As detailed above, your affiant believes MCKNIGHT continues to utilize the **TARGET VEHICLE** to conduct narcotics transactions. Due to the surreptitious and cautious nature of drug traffickers, it may be difficult for investigators to affix this mobile tracking device in regular daylight hours. Further, the congested roadways and pedestrian traffic of Columbus, Ohio increase the risk that investigators may be detected or arouse suspicion. Therefore, your affiant also requests permission to affix this mobile tracking device at any time day or night.

11. In the event the Court grants this application, there will be periodic monitoring of the mobile tracking device during both daytime and nighttime hours. In addition, the mobile tracking device may produce signals from inside private garages or other such locations not open to public or visual surveillance.

## IV.   DELAYED NOTIFICATION

12. In accordance with Title 18, United States Code, Section 3103a(b), I request that the Court order delay of notification of the execution of the order for a period not to exceed 30 days (or some lesser period) because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation. It is requested that such period of delay thereafter be extended by the court for good cause shown, subject to the condition that extensions should only be granted upon an updated showing of the need for further delay.

## V.    CONCLUSION

13.    WHEREFORE, your affiant respectfully requests that the Court issue an order authorizing agents of the Department of Justice, including the DEA or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install and remove a mobile tracking device in or on the **TARGET VEHICLE**, and to surreptitiously enter onto private property and into the **TARGET VEHICLE** at any hour of the night or day in order to install the electronic tracking device, remove the electronic tracking device, or to make any mechanical adjustments should the device become inoperable and to monitor the signals from that tracking device, for a period of 45 days following the issuance of the Court's order, including signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event that the **TARGET VEHICLE** leave the Southern District of Ohio but remains within the United States. I also request that the Order authorizes Special Agents/Task Force Officers of the DEA, or their authorized representatives not be required to leave a copy of the Court's Order in any vehicles entered, due to the covert nature of the installations and investigation.

The above information is true and correct to the best of my knowledge, information and belief.

Peter Kane
Special Agent
Drug Enforcement Administration

Sworn and subscribed to me this 4th day of February, 2020.

The Honorable Kimberly A. Jolson
United States Magistrate Judge
Southern District of Ohio

8